UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| BARBARA NUNEZ, | § § | |
| *Plaintiff* | § § | CASE NUMBER: 5:19-cv-1137 |
| v. | § § | |
| NATIONAL CREDIT ADJUSTERS, LLC | § § | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

1.  Plaintiff Barbara Nunez brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., , to obtain statutory damages, costs and reasonable attorney's fees for the Defendant's violation of the FDCPA.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this matter.

3.  Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transacts business in this district.

## THE PARTIES

4.  Plaintiff Barbara Nunez ("**Plaintiff**") is an individual who resides in Guadalupe County, Texas.

5.  Defendant National Credit Adjusters, LLC ("**NCA**") may be served by serving its registered agent at the following address:

> Corporation Service Co.
> 211 E. 7th St.
> Ste. 620
> Austin, TX 78701

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person.

7. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes ("alleged debt").

8. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

9. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

10. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

11. Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

12. Plaintiff did not pay the alleged debt, and it went into default.

13. On information and belief, after default, the alleged debt was assigned or transferred to NCA.

14. NCA regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

15. NCA describes itself as "specializ[ing] in delinquent accounts receivables for a variety of industries including retail and financial services."

16. NCA is a "debt collector" as defined by § 1692a(6) of the FDCPA.

17. NCA is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

18. On May 8, 2019, Plaintiff, through counsel, send a dispute letter to NCA.

19. The letter was sent both to NCA's publicly posted fax number and to its physical address via USPS 1st class mail.

20. The fax was actually received by NCA.

21. The letter sent via USPS 1st class mail was not returned to sender.

22.     On or about May 16, 2019, NCA communicated information regarding the debt to the Transunion credit bureau but did not communicate that the debt was disputed.

## COUNT I. VIOLATION OF THE FDCPA § 1692e(8)

23.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

24.     NCA violated the FDCPA when it communicated information regarding the alleged debt but did not also communicate that the debt was disputed.

## REQUEST FOR RELIEF

25.     Plaintiff requests that this Court award her:

a. Statutory damages;

b. Costs; and

c. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,<br>
By: s/Tyler Hickle<br>
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com